**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4723**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

ALBERT E. PARISH, JR.,

                   Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:07-cr-00578-DCN-1)

Submitted: April 16, 2009            Decided: April 22, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Eric John Klumb, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert E. Parish, Jr., appeals his conviction and sentence for mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2007) (Counts One and Four), and making a materially false statement, in violation of 18 U.S.C.A. § 1001 (West 2000 & Supp. 2007) (Count Eleven). The district court sentenced Parish to 292 months' total imprisonment, three years of supervised release, and ordered Parish to pay $66,820,167.08 in restitution. Parish's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the district court's finding relative to the amount of loss and claiming abuse of discretion in the imposition of a within-guidelines sentence, but concluding that there are no meritorious issues for appeal. Parish has filed a supplemental pro se brief, in which he asserts error in the district court's rejection of his claim and supporting evidence that his sentence was disparate in contravention of 18 U.S.C. § 3553(a)(6), and contends that his attorney was ineffective. We affirm.

Parish's first claim, by counsel, is that the district court clearly erred in failing to credit the value of property and assets bought with the investors' money in determining the amount of loss. We find his assertion to be without merit, given the uncontroverted testimony of the court-appointed receiver that, even if the seized assets were credited against

2

the loss for guidelines purposes, the amount of loss could not go below $50,000,000.[1]

Parish also alleges that the district court should have sentenced him below the applicable guidelines range to avoid unwarranted disparities. A sentence is reviewed for abuse of discretion, Gall v. United States, 128 S. Ct. 586, 597 (2007). Applying a presumption of reasonableness on appeal to the guidelines sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007), we conclude that Parish has not rebutted the presumption of reasonableness and that his sentence is reasonable.[2]

Finally, Parish's claim that his attorney was ineffective for failing to request a postponement of the offense level calculation until the asset liquidation was complete must

---

[1] Parish was held accountable for an intended loss of over $50,000,000 but less than $100,000,000.

[2] Even accepting as true Parish's claim that his sentence was more severe than the average sentence imposed nationally in similar fraud cases does not establish that the district court's sentence in this case failed to address the "need to avoid unwarranted sentence disparities" recognized in § 3553(a)(6). The guidelines as a whole embrace and encompass this need to avoid disparity, see United States v. Johnson, 445 U.S. 339, 343 (4th Cir. 2006), and the district court's sentencing memorandum in this case reflects its careful consideration of all applicable evidence, including that presented by Parish, on this issue.

be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Parish can make no such showing in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Parish's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED